## Commonwealth v. Hanley.

*Constitutional law—Public officers—Dairy and food commissioner— Restraining order—Act of March 13, 1895, P. L. 17.*

The office of dairy and food commissioner is a valid constitutional office, and the act of the commissioner in instituting a proceeding for a restraining order, cannot be attacked on the mere ground that there is no such office. If the commissioner exceeds his powers he may be restrained by other appropriate proceedings.

Argued Nov. 9, 1908. Appeal, No. 77, April T., 1909, by defendant, from order of Q. S. Allegheny Co., June T., 1905, No. 210, making absolute rule for attachment in case of Commonwealth v. F. A. Hanley. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Rule for attachment.

HAYMAKER, J., stated the facts to be as follows:

On February 18, 1905, an information was made before Alderman Groetzinger, charging the defendant, F. A. Hanley, with the violation of the provisions of the Act of May 29, 1901, P. L. 327, prohibiting the manufacture and sale of oleomargarine, and the defendant, having waived a hearing, was held in bail for court, and was indicted at the above number and term on June 9, 1905.

On July 1, 1905, E. D. Miller, agent of the department of agriculture of Pennsylvania, and acting for and by direction of the state dairy and food commissioner, presented a petition to this court, setting forth, inter alia, the purchase of oleomargarine from defendant; that an information was made, and defendant held in bail for court, and indicted on June 9, 1905; and that after the commencement of that prosecution, and

while the same was pending, the defendant, on June 21, 1905, violated the provisions of the said act of assembly by a similar sale of oleomargarine in said county, and the court was asked to make an order restraining the defendant from a further violation of this act of assembly until such time as the said prosecution shall have been decided and determined.

A rule was granted July 1, 1905, on defendant to show cause why an injunction should not issue, and notice thereof was served on the defendant on July 6, 1905. Defendant having pleaded guilty to said indictment on September 2, 1905, upon hearing and testimony it was ordered and decreed on September 2, 1905, that the defendant and his agents be restrained from the further sale of oleomargarine in violation of said act until the determination of the said prosecution, and in case of conviction therein, restraining order to become permanent. Defendant was sentenced on the September 2, 1905, and no appeal was taken from said judgment. On March 12, 1906, the defendant was notified that the restraining order of September 2, 1905, by reason of sentence, became permanent, and that he was thereby permanently restrained and enjoined from the further sale of oleomargarine. A certified copy of the restraining order accompanied said notice, and was personally served on the defendant on that day.

On April 22, 1908, the said E. D. Miller presented his petition to this court, setting forth the foregoing facts, and the further allegation that the defendant had again violated said act on September 13, 1907, in said county, by selling oleomargarine, contrary to its provisions, for which last offense an information was made against the said F. A. Hanley, abovenamed defendant, and on December 3, 1907, an indictment was found, to which indictment the said F. A. Hanley pleaded nollo contendere on April 16, 1908, at No. 60, December Sessions, 1907, and for this violation of the restraining order of this court petitioner obtained a rule on defendant on April 22, 1908, to show cause why an attachment should not issue against him for contempt and disobedience of the order. On September 14, 1908, the court entered an order adjudging Hanley in contempt.

*Error assigned* was the order of the court.

*John Marron,* of *Marron & McGirr,* for appellant.

*Joseph A. Langfitt,* of *Langfitt & McIntosh,* with him *Harry L. Goehring,* district attorney, for appellee.

PER CURIAM, February 26, 1909:

The defendant rests his appeal upon the single proposition, that as the right to institute a proceeding for a restraining order is given by the Act of May 29, 1901, P. L. 327, to the dairy and food commissioner and is denied to any other person, the proceeding must fail for lack of proper official to institute it, because the legislation creating the office of dairy and food commissioner conflicts with sec. 27, Art. III. of the constitution which reads: " No state office shall be continued or created for the inspection or measuring of any merchandise, manufacture or commodity, but any county or municipality may appoint such officer when authorized by law." In the determination of the question it is not necessary to go back of the Act of March 13, 1895, P. L. 17, and the recent decision of the Supreme Court in Commonwealth v. Warren, 217 Pa. 163, in which it was authoritatively declared that neither the head of the department of agriculture, nor any one of the four subordinate officers fills an office, the creation of which is forbidden by the constitution. Speaking of the dairy and food commissioner, one of the subordinate officers above referred to, Mr. Justice BROWN said: "His right to hold a lawful office is one thing; his right to exercise enlarged powers which he may not lawfully exercise is another, and, having determined that he is holding a lawful office we leave the question of his right to exercise alleged forbidden powers to be raised in some other proceeding, in which specific acts said to be performed by him under statutory powers prohibited by the constitution may be set forth and inquired into and restrained, if unlawful." It follows that as the statutory power under which he instituted the proceeding for a restraining order is not prohibited by the constitution, the objection urged by the defendant against the validity of the

restraining order and the subsequent order adjudicating him to be in contempt and awarding an attachment cannot be sustained.

The order is affirmed at the costs of the appellant.